IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIK ISOM, HS-3329,  )
    Petitioner,  )
                                             )
         v.  )  2:14-cv-237
                                             )
SUPERINTENDENT FISHER, et al.,  )
    Respondents.  )

REPORT and RECOMMENDATION

I.  Recommendation:

It is respectfully recommended that the petition of Erik Isom for a writ of habeas corpus (ECF 4) be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II.  Report:

Erik Isom an inmate at the State Correctional Institution at Smithfield has presented a petition for a writ of habeas corpus. Isom is presently serving a three and half to ten year sentence imposed following his conviction by a jury of burglary, criminal trespass, attempted theft by unlawful taking, conspiracy to commit burglary, and conspiracy to commit theft by unlawful taking at No. CP-63-CR-2123-2007 in the Court of Common Pleas of Washington County, Pennsylvania. This sentence was imposed on August 15, 2008.[1] An appeal was filed in the Superior Court which Court affirmed the judgment of sentence on February 12, 2010 and leave to appeal was denied by the Pennsylvania Supreme Court on November 1, 2010.[2]

Subsequently, on June 7, 2011 a post-conviction petition was filed and as of the date the answer was filed here, three years had elapsed and that petition is still pending.[3]

On March 1, 2013, Isom submitted a habeas corpus petition which was docketed at 2:13-cv-301. On May 14, 2013, the respondent filed a motion to dismiss based on failure to exhaust state court remedies as a result of the pendency of the state post-conviction petition. On July 3,

---

[1] See: Petition at ¶¶ 1-6.
[2] See: Petition at ¶ 9.
[3] See: Answer at ¶ 35. Indeed as of this date the petition is still pending in the Court of Common Pleas.

1

2013, we recommended that the motion be granted.[4] In adopting the Report and Recommendation on July 24, 2013, the District Judge wrote that the "petition for writ of habeas corpus is DISMISSED, WITHOUT PREJUDICE to Petitioner seeking further relief if his post-conviction petition is not resolved [ ] by the trial court in 90 days, or he exhausts his state court remedies, as appropriate" (emphasis in original).[5]

After patiently awaiting disposition of his post-conviction petition, on February 20, 2014, Isom submitted the instant petition contending that the post-conviction petition had yet to be resolved. On February 25, 2014 service was ordered and on March 11, 2014, the respondent moved for an extension of time to answer. That motion was granted in part and the respondents were granted until April 14, 2014 to reply. When no reply was forthcoming, on May 5, 2014, we entered an order to show cause why the petition should not be granted as it appeared that it was unopposed. On May 12, 2014, the respondent moved for an extension of time to answer; that request was granted and on May 19, 2014 an answer was filed conceding that as of that date the post-conviction petition had not been acted upon.

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

---

[4] In its motion the Commonwealth reported that the post-conviction petition had been untimely filed in that the time for filing commenced when the time in which to seek leave to appeal to the Pennsylvania Supreme Court had expired and Isom did not seek such leave. Isom subsequently responded that this was incorrect since he had in fact filed an application for leave to appeal to the Pennsylvania Supreme Court and for this reason his post-conviction petition was timely. This conclusion is supported by the record.
[5] 2:13-cv-301 ECF 25 at p.2.

2

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995). As the Court observed in U.S. ex rel. Geisler v. Walters, 510 F.2d 887, 893 (3d Cir.1975) "'it is the legal issues that are to be exhausted, not the petitioner (citation omitted).' " In this case, the record reveals and the Commonwealth concedes that an inordinate delay has occurred and that there is a reasonable basis for waiving the exhaustion requirement since it is one of comity and not jurisdictional. Rose v. Lundy, 455 U.S. 509 (1982). Accordingly, we address the merits of the petition.

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

That is, the state court determination must be objectively unreasonable. Renico v. Lett, 130 S.Ct. 1855 (2010). This is a very difficult burden to meet. Harrington v. Richter, 131 S.Ct. 770 (2011).

The background to the petitioner's conviction is set forth in the February 12, 2010 Memorandum of the Superior Court wherein it is stated:

> On October 15, 2007, Pennsylvania State Constable Paul Kosey, Jr. ("Constable Kosey"), and a fellow constable received a tip about a possible break-in at the YWCA on West Maiden Street in Washington, Pennsylvania. The YWCA was closed and had not been open to the public for some time. When the constables arrived at the YWCA, Constable Kosey heard people talking through the open window of the building. Constable Kosey looked into the building through windows on the door of the building at which time he saw three men inside. The men were placing scrap metal inside of a plastic bag. Constable Kosey identified

Isom as one of the three men. According to Constable Kosey, he observed Isom wearing a pair of gloves, holding a screwdriver and placing items into the plastic bag. The constables reported the incident to the Washington City Police. Thereafter, police officers arrived at the scene. One of the officers, Sergeant Stephen Robertson, observed Isom inside the building wearing gloves and possessing a knife. The police officers subsequently arrested Isom, Michael McKeefer ("McKeefer") and James Skidmore ("Skidmore") inside of the YWCA.

After a jury trial with co-defendants McKeefer and Skidmore, Isom was convicted of the above described charges…[6]

In support of his petition, Isom contends he is entitled to relief on the following grounds:

1. Petitioner's trial counsel rendered constitutionally ineffective assistance by failing to object to the absence of or request a missing evidence/adverse inference jury instruction based on the Commonwealth's failure to introduce or make available at trial plastic bags supposedly recovered by police from the [crime scene].

2. Petitioner's trial counsel rendered constitutionally ineffective assistance by failing to object and m[ove] to strike prejudicial testimony by [a] lay witness lacking personal knowledge of the matters asserted.(Specifically he contends that Commonwealth witness McKeefer testified that he observed petitioner and his co-defendant in the burglarized building but had no idea what petitioner was doing, yet he also testified that petitioner and his co-defendants were engaged in collecting copper and brass to sell for scrap and were depositing these items in plastic bags).

3. Trial counsel rendered constitutionally ineffective assistance by failing to properly investigate and/or call petitioner's codefendant, James Skidmore, to testify that the petitioner was not involved in the burglary as set forth in Skidmore's August 25, 2008 affidavit.

4. Trial counsel rendered constitutionally ineffective assistance by failing to protect petitioner's right to testify on his own behalf and/or ensure that he knew he had the right to testify if he so desired.

5. Trial counsel rendered constitutionally ineffective assistance by failing to object and/or motion for cautionary/curative jury instruction when, at the end of the testimony of each Commonwealth witness, the trial judge asked highly leading questions that served to bolster the witnesses' credibility by drawing attention to and subtly conveying a personal belief in isolated portions of their testimony that was harmful to petitioner's interests while ignoring aspects of the witnesses' testimony that was favorable to him.

---

[6] See: Exhibit 35 of the state court records at pp.1-2. We note that petitioner was tried separately from his codefendants and that at his trial co-defendant McKeefer testified on behalf of the Commonwealth.

6. Trial counsel rendered constitutionally ineffective assistance by failing to file a timely post-sentence motion raising a weight of the evidence challenge to the conviction.

Thus, the essence of the petition is that Isom was denied the effective assistance of counsel.

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court explained that there are two components to demonstrating a violation of the right to the effective assistance of counsel. First, the petitioner must show that counsel's performance was deficient. This requires showing that "counsel's representation fell below an objective standard of reasonableness." Id. at 688; see also Williams v. Taylor, 529 U.S. 362, 390-91 (2000). Second, under Strickland, the defendant must show that he was prejudiced by the deficient performance. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687, 104 S.Ct. 2052. To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The Strickland test is conjunctive and a habeas petitioner must establish both the deficiency in performance prong and the prejudice prong. See Strickland, 466 U.S. at 687; Rainey v. Varner, 603 F.3d 189,197 (3d Cir.2010) cert. denied 131 S.Ct. 1673 (2011). As a result, if a petitioner fails on either prong, he loses. Rolan v. Vaughn, 445 F.3d 671 (3d Cir.2006).

Isom's first issue is that counsel was ineffective for failing to object to the absence of the plastic bags into which the stolen items were allegedlyplaced or to request a missing evidence instruction.[7] At trial, Constable Kosey testified that the three burglars were observed placing the stolen items in plastic bags (TT. 5/12/08 pp.7, 13)[8] but that he had no knowledge of whether or not the bags were seized as evidence (TT. pp.14,15).

Alleged evidentiary errors do not provide a basis for relief unless they result in a due process violation. Keller v. Larkins 251 F.3d 408 (3d Cir.) cert. denied 534 U.S. 973

---

[7] Under Pennsylvania law, a missing evidence instruction is appropriate when amongst other elements it is material to the issue of guilt or innocence. Pa. Model Crim. Jury Instruction 3.21B which appears as Exhibit 1 to the answer. Clearly as recited this evidence had no bearing of the issue being tried.

[8] All record references marked "TT" refer to the transcript of the criminal trial which commenced on May 12, 2008.

(2001). In the instant case, as officer Robertson testified, petitioner was caught "red handed" committing the crime (TT. pp. 89, 90). In addition, the evidence adduced at trial was that the petitioner was wearing gloves at the time he was apprehended (TT. pp.87-88). There is no reasonable argument that can be made that if the bags had been produced they would have exonerated the petitioner. Rather, because he was wearing gloves, the bags would not have yielded any favorable evidence. To prevail on an ineffective assistance of counsel claim, the petitioner must demonstrate both a deficient performance and prejudice which would have produced a different result. Shotts v. Wetzel, 724 F.3d 364 (3d Cir. 2013). Neither of these criteria can be demonstrated and counsel cannot be deemed to have been ineffective for failing to raise meritless issues. Real v. Shannon, 600 F.3d 302 (3d Cir. 2010). For this reason, the petitioner's first claim does not provide a basis for relief.

Isom next contends that counsel was ineffective for failing to object to or move to strike the testimony of his co-defendant, Michael Joseph McKeefer who was called as a witness for the prosecution. McKeefer testified that he was in jail on the same charges as petitioner (TT.59); that he had been drinking with the petitioner and James Skidmore (TT.60); that petitioner suggested and he and Skidmore go to the YWCA to secure copper or brass (TT.61,62,77,79,81) and obtain cash for it (TT.64); that petitioner was wearing gloves (TT.63,71,74,80); that they removed brass for about an hours and placed it in black plastic bags (TT.63); that he and petitioner were in separate rooms at the YWCA and he did not observe the petitioner remove anything (R.70-71); that he never entered into an agreement with petitioner or Skidmore to commit a crime (R.66,67-68) and that he was not promised anything in exchange for his testimony (T.64,72).

Evidence was also presented by Constable Paul Kosey that he looked in the window of the YWCA and saw three men including the petitioner beside plastic bags in which they were placing pipes (TT.7,10,13,17,20); that he specifically saw the petitioner placing items in the bags (TT.8,10-11) and that he called the police (TT.8). The responding police officer, Stephen Robertson testified that when he entered the YWCA he observed the petitioner who was wearing gloves (R.86-87, 88. 90) as well as electrical cord which had been ripped from the wall and was lying on the floor (R.87).

6

Thus, at best there was a conflict in McKeefer's testimony as to whether or not an agreement was entered into to steal brass and copper creating a credibility issue to be resolved by the factfinder. Cavazos v. Smith, 565 U.S. 1 (2011). In addition, the testimony of the constable as well as the responding police officer merely bolstered the essence of McKeefer's testimony. For this reason, there was no basis for counsel to either object to this testimony or move to have it stricken and he cannot be deemed ineffective for failing to make any meritless objections. Real v. Shannon, supra.

Petitioner next contends that counsel was ineffective in failing to investigate or call James Skidmore to testify on his behalf. Specifically, Isom points to the August 25, 2008 affidavit of Skidmore which appears as Exhibit A to his post-conviction petition filed on June 7, 2011 in which Skidmore stated that McKeefer, he and petitioner went to the YMCA so that he could rest while Isom went to a job interview; that none of them had any YMCA property in the bags and that McKeefer was seeking to transfer blame to petitioner.[9]

We note that the affidavit was executed three months after petitioner's trial; that the petitioner has not provided any submissions which would support a claim that Skidmore would have testified at his trial in a manner which would have exonerated him and that at the time of petitioner's trial Skidmore was also charged with the same offenses and subsequently entered a guilty plea on April 28, 2009 thereby casting considerable doubt on his affidavit in which he alleged no participation by either himself of Isom.[10] Thus, there is no showing here that counsel was ineffective in not calling Skidmore as a witness.

---

[9] See: State Court record Exhibit 37.
[10] In his affidavit, (Commonwealth Exhibit 37, Exhibit A), Skidmore states:

> When we reached the YMCA (myself, Mike Keefer, and Erik Isom) the back door to the YMCA were standing wide open…
>
> Being curious about the empty building, I opened a beer and began to walk around the building leaving Erik Isom and Mike McKeefer. After about 10 minutes I looked out a window and saw Constable Kosey and Crupe getting out their car and headed towards the YMCA. Yelled out loud that the police were coming and hid…
>
> I was cuffed and brought back to where we entered the YMCA to see Erik Isom and Mike McKeefer also in cuffs. None of us had any copper pipes or YMCA property in any bags. In fact the only bag we had contained beer…

Isom's fourth claim is that counsel was ineffective in not advising the petitioner of his right to testify in his own defense. In the petition, Isom states that counsel did not want to call either Kosey or McKeefer to testify for fear of petitioner's criminal record coming before the jury. As noted above, McKeefer did testify at trial on behalf of the Commonwealth.

Nevertheless, petitioner contends that because counsel did not call those witnesses he would have testified in his own behalf if he was aware of his right to do so even though he knew that his criminal record would be made known to the jury. The trial transcript discloses that after the prosecution rested, defense counsel stated "the defendant is not going to testify…" and "I have spoken with my client and we both agree that we will rest at this time…" (TT. 5/12/08 pp. 100, 102). Additionally, in his petition here, Isom states "if [defense counsel] had produced Skidmore to testify, as Petitioner desired and had requested, then Petitioner would have been quite reluctant to take the stand and open the door for the prosecutor to introduce evidence of his prior convictions." (Petition at addendum to p.12). Clearly by implication this demonstrates that the petitioner was aware of his right to testify, and in open court he never objected to his counsel's statement that he was not going to testify. For this reason counsel cannot be deemed to have been ineffective. Real v. Shannon supra.

Defense counsel's strategic decisions should not be second guessed. Rolan v. Vaughn, 445 F.3d 671 (3d Cir. 2006). In the instant case, it was reasonable to seek to exclude petitioner's prior criminal record from coming before the jury and the only possible theory of defense was to cast reasonable doubt on McKeefer's testimony. Thus, from a strategic standpoint the decision not to have the petitioner testify was reasonable and does not provide a basis for relief here.

Petitioner next alleges that counsel was ineffective for failing to object to the trial court's questioning of Commonwealth witnesses. At the close of each prosecution witnesses' testimony, the trial court asked questions designed to clarify that witness' testimony (TT. pp. 24-26, 55-56, 82-83, 97-98). "Inasmuch as a trial is a search for the truth and the court is more than a mere umpire of the proceedings, it is certainly within its province to question witnesses" United States

---

> I feel Mike McKeefer plead out to lesser charges in order to put blame on Erik Isom and testify against us… If anyone was burglarizing the place it was Mike McKeefer who was caught red handed using the screwdriver to take brass or copper fixtures off of YMCA property.
>
> I feel all the charges should be dropped to "criminal tress-passing" and myself & Erik Isom should be able to plea out to a lesser charge as well.

v. Wiggins, 293 Fed. Appx. 907 (3d Cir. 2008), cert. denied 555 U.S. 1194 (2009). Since the court's questions were purely neutral and did not interject any bias, counsel cannot be deemed to have been ineffective for failing to object, and this claim does not provide a basis for relief. Real v. Shannon, supra.

Isom's final claim is that counsel was ineffective for failing to file post-sentence motions specifically challenging whether the evidence was sufficient to sustain a conviction. In challenging the evidence, the issue before a federal habeas court is whether based on the evidence presented any rational fact-finder could determine guilt beyond a reasonable doubt. Coleman v. Jackson, 565 U.S. 1 (2011). In the instant case, petitioner was convicted of burglary[11], criminal trespass[12], criminal attempt[13] and criminal conspiracy[14]. From the factual recitation and testimony set forth above it is readily apparent that a rational fact-finder could determine guilt beyond a reasonable doubt. Accordingly, counsel cannot be faulted for failing to raise a meritless claim. Real v. Shannon, supra.

Thus, because petitioner's conviction was not secured in any manner contrary to federal law as determined by the Supreme Court of the United States nor in any manner resulted from misapplying that law, he is not entitled to relief here. Accordingly, it is recommended that the petition of Erik Isom for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date and mailing them to United States District Court, 700 Grant Street, Pittsburgh PA 15219-1957. Failure to file timely objections will waive the right to appeal.

Filed: July 24, 2014                                                         Respectfully submitted,
                                                                                      s/ Robert C. Mitchell
                                                                                      United States Magistrate Judge

---

[11] 18 Pa.C.S.A. §3502(a) ("A person is guilty of burglary if he enters a building … with intent to commit a crime therein…").
[12] 18 Pa.C.S.A. 3503(a)(1)(i) ("A person commits [criminal trespass] if, knowing that he is not licensed or privileged to do so, he enters … or surreptitiously remains in any building…").
[13] 18 Pa.C.S.A. §901(a) ("A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime").
[14] 18 Pa.C.S.A. §903(a)(1) ("A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitation its commission he agrees with such other person or persons that they or one of more of them will engage in conduct which constitutes such crime…").